```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   JACKSON DIVISION
```

**UNITED STATES OF AMERICA**

VS.                                    CRIMINAL NO. 3:04-cr-34-WHB

**STEVE MICHAEL FASONO aka**
**STEVE MICHAEL FASANO**

## OPINION AND ORDER

This cause is before the Court on Defendant's Motion for DNA Testing. The Court has considered the pleadings and supplemental pleadings, the attachments thereto, oral arguments, as well as supporting and opposing authorities and finds that the Motion is not well taken and should be denied.

### I.  Factual Background and Procedural History

On May 14, 2002, the Citizen's State Bank in Morton, Mississippi, was robbed by a white male wearing, *inter alia*, a hard hat, sunglasses, and a long-sleeved green work shirt. The hard hat, sunglasses, and work shirt (collectively "subject items") were later recovered by law enforcement officers after they were discovered under a house the perpetrator allegedly walked past in route to his get away vehicle. The hard hat, sunglasses, demand note and bank deposit slip used by the robber, and palm prints

taken from the teller counter, were sent to the FBI for analysis.[1] According to the FBI Reports of Examination, there were cotton fibers but "no human hairs suitable for microscopic comparison purposes" found on the subject hard hat. Additionally, Fasano's fingerprints were found on the demand note used during the robbery, but no identifiable fingerprints were found on the hard hat, sunglasses, or deposit slip. The palm prints taken from the teller counter were not those of either Fasano or Mark Hughes ("Hughes").[2]

On February 18, 2004, Fasano was charged, in a one count indictment, with having committed the Morton bank robbery in violation of 18 U.S.C. § 2113(a). During pre-trial discovery, Fasano requested and obtained the subject items for the purpose of having them examined by his fingerprint expert. Fasano, however, did not request DNA testing of the subject items, and no DNA testing was performed.

The case was tried to a jury beginning on August 22, 2005, and concluded on August 25, 2005, with the jury returning a verdict of guilty. Prior to sentencing, Fasano was granted access to the Citizen's State Bank where the crime occurred, for the purpose of staging a re-enactment of the robbery. According to the

---

[1] No reference is made to the work shirt in the Reports of Examination prepared by the FBI, which are attached to Fasano's Memorandum in Support of Motion for DNA Testing as Exhibits D-F.

[2] Hughes has been identified by the defense as a possible perpetrator of the subject bank robbery.

2

Government, counsel for Fasano requested the subject items for use during the re-enactment, but they could not be found.

On April 5, 2006, Fasano filed a Motion for Judgment of Acquittal or for New Trial arguing, *inter alia*, that "lost or misplaced evidence including a lost teller slip, a lost deposit slip and the lost hard hat and shirt reportedly worn by the robber were unavailable for hair and fiber analysis and finger print comparison." See Mot. for J. of Acquittal or for New Trial [Docket No. 57], at ¶ 2.  On April 6, 2006, Fasano was sentenced to a 48-month term of imprisonment, to be followed by 3 years of supervised release, and was ordered to pay restitution in the amount of $6,600 and a special assessment in the amount of $100.  Fasano's Motion for Judgment of Acquittal or for New Trial was denied by the Court on April 7, 2006.

On April 19, 2006, Fasano appealed his conviction to the United States Court of Appeals for the Fifth Circuit.  On appeal, the Fifth Circuit affirmed upon finding, in part, that there was sufficient evidence in the record to support the conviction. Specifically, the appellate court found:

> The following record evidence points to Fasono's guilt: (1) bank video camera footage showed a man with Fasono's build robbing the bank; (2) four eyewitnesses identified Fasono as the robber; (3) vehicle records revealed that Fasono's vehicle and another vehicle he had access to matched eyewitness descriptions of the robber's vehicle; and (4) Fasono's fingerprints were found on the demand note used in the robbery. Additionally, although motive is not an element required for conviction, see 18 U.S.C. § 2113(a), the Government established that Fasono lost

>approximately $1,800 gambling a few hours prior to the robbery. A thorough review of the record and our strict standard of review require us to reject Fasono's sufficiency of the evidence argument.

United States v. Fasono, No. 06-60406, 2007 WL 505265, at *1 (5th Cir. Feb. 13, 2007).

On June 27, 2006, while the appeal was pending, counsel for Fasano sent a correspondence to Richard Starrett ("Starrett"), the Assistant United States Attorney assigned to the case, again requesting certain evidence including the subject items. On August 16, 2006, Starrett informed Fasano's attorney that the subject items had been located in a paper bag in a closet at the United States Attorneys' Office in Jackson, Mississippi. On February 28, 2007, Starrett contacted the FBI and requested that Fasano be granted access to its file, including the subject items, to the extent permitted under the regulations governing that agency. On March 5, 2007, the FBI informed the Government that unless there were ongoing legal proceedings, Fasano was required to submit a formal request for the subject items and FBI file under the Freedom of Information Act ("FOIA"). Thereafter, on April 23, 2007, counsel for Fasano submitted the required FOIA request. In response, the FBI provided Fasano with copies of several reports and correspondences, but did not produce the subject items.

On August 17, 2007, Fasano filed his Motion for DNA Testing. The Motion, which is brought pursuant to 18 U.S.C. § 3600, requests DNA testing of the subject items as well as any hair and cotton

fibers recovered from those items.[3]  The Court held a hearing on the subject Motion on January 10, 2008.  At the conclusion of the hearing, the Court expressed its opinion that Fasano's motion should be denied as he had failed to satisfy each of the requirements of 18 U.S.C. § 3600.  See Tr. at 50.  The Court, however, on motion of counsel, granted Fasano a continuance to enable him to retain an expert witness and supplement his pleadings.  The Court, having received the last of the supplemental pleadings in May of 2008, is now prepared to rule on the subject Motion for DNA Testing.

## II.  Legal Analysis

The Innocense Protection Act of 2004 ("Act"), codified at 18 U.S.C. § 3600, was enacted, in part "to provide a defendant convicted ... through mostly circumstantial evidence a vehicle to petition for DNA testing in cases where it had not been previously done (or where the procedures have been improved through the passage of time) to show that the DNA evidence did not implicate him in the crime."  United States v. Boose, 498 F. Supp. 2d 887, 889 (N.D. Miss. 2007).[4]  Under the Act, a defendant may petition

---

[3] In accordance with 18 U.S.C. § 3600(b)(2), the Court entered a Preservation Order on October 19, 2007.  See Docket No. 96].

[4] Although enacted in 2004, there is little case law discussing or interpreting the provisions of the Act.

5

for DNA testing, and seek a new trial based on the results of that testing, regardless of whether the three-year period prescribed by the Federal Rules of Criminal Procedure for filing a motion for new trial on the basis of newly discovered evidence has already expired.  See 18 U.S.C. § 3600(a)(10).  Thus, it appears that another purpose of the Act is to provide a defendant a vehicle by which to obtain DNA testing and "newly discovered " DNA evidence, outside the time permitted by the rules governing criminal procedure.[5]

To avail himself to the provisions of the Act, an applicant must satisfy each of the ten statutory prerequisites enumerated in the statute.  See 18 U.S.C. § 3600(a) (requiring the district court that entered the judgment of conviction to order DNA testing of specific evidence upon a finding that all of the statutory prerequisites are satisfied).  The prerequisites applicable in this case are as follows:

>    (1) The applicant asserts, under penalty of perjury, that
>    the applicant is actually innocent of –

---

[5]  In the opinion of the Court, the subject Motion for DNA Testing is atypical.  It appears that Congress, when it passed the Act, wanted to ensure that convicted felons who either could not have previously obtained DNA testing because such testing was unavailable, or could potentially benefit from the advances made in DNA testing, were provided access to the courts for seeking DNA testing.  Unlike the scenarios discussed above, in the case *sub judice* Fasano could have requested DNA testing prior to trial.  Thus, it does not appear that Fasano is the type of defendant for whom Congress intended the Act to benefit.

>   (A) the Federal offense for which the applicant is under a sentence of imprisonment or death; or
>
>   ....

(2) The specific evidence to be tested was secured in relation to the investigation or prosecution of the Federal or State offense referenced in the applicant's assertion under paragraph (1).

(3) The specific evidence to be tested –

>   (A) was not previously subjected to DNA testing and the applicant did not –
>
>>   (i) knowingly and voluntarily waive the right to request DNA testing of that evidence in a court proceeding after the date of enactment of the Innocence Protection Act of 2004; or
>>
>>   (ii) knowingly fail to request DNA testing of that evidence in a prior motion for postconviction DNA testing; or
>
>   (B) was previously subjected to DNA testing and the applicant is requesting DNA testing using a new method or technology that is substantially more probative than the prior DNA testing.

(4) The specific evidence to be tested is in the possession of the Government and has been subject to a chain of custody and retained under conditions sufficient to ensure that such evidence has not been substituted, contaminated, tampered with, replaced, or altered in any respect material to the proposed DNA testing.

(5) The proposed DNA testing is reasonable in scope, uses scientifically sound methods, and is consistent with accepted forensic practices.

(6) The applicant identifies a theory of defense that –

>   (A) is not inconsistent with an affirmative defense presented at trial; and

7

>    (B) would establish the actual innocence of
>    the applicant of the Federal or State offense
>    referenced in the applicant's assertion under
>    paragraph (1).
>
> (7) If the applicant was convicted following a trial, the
> identity of the perpetrator was at issue in the trial.
>
> (8) The proposed DNA testing of the specific evidence may
> produce new material evidence that would –
>
>    (A) support the theory of defense referenced
>    in paragraph (6); and
>
>    (B) raise a reasonable probability that the
>    applicant did not commit the offense.
>
> (9) The applicant certifies that the applicant will
> provide a DNA sample for purposes of comparison.
>
> (10) The motion is made in a timely fashion ...

18 U.S.C. § 3600(a)(1) – (10).

In the case *sub judice*, the Government does not dispute, and having reviewed the pleadings the Court agrees, that Fasano has satisfied the requirements of subsections (a)(1)-(3), (5)-(7), (9) and (10) of the Act.  Issues, however, have been raised, either by the Government or the Court, regarding whether subsections (a)(4) and (a)(8) of the Act have been satisfied.  See Resp. to Mot. for DNA Testing [Docket No. 91] at 4-5; Def.'s Mem. in Supp. of Mot. to Supplement R. [Docket No. 99], Ex. A (Nov. 15, 2007, Correspondence from the Court).

## A.  18 U.S.C. § 3600(a)(4)

To satisfy the requirements of 18 U.S.C. § 3600(a)(4), Fasano must establish:

8

>The specific evidence to be tested is in the possession of the Government and has been subject to a chain of custody and retained under conditions sufficient to ensure that such evidence has not been substituted, contaminated, tampered with, replaced, or altered in any respect material to the proposed DNA testing.

Through his Motion for DNA Testing, Fasano requests DNA testing on the hard hat, sunglasses, and work shirt allegedly worn by the robber, as well as any hair and cotton fiber samples found by the FBI during its initial examination of the hard hat. The record does not conclusively establish that any hair samples were found on the subject items by the FBI. See e.g. Mem. in Supp. of Mot. for DNA Testing [Docket No. 83], Ex. D (Report of Examination indicating "no human hairs suitable for microscopic comparison purposes" were found on the hard hat). As regards the cotton fibers, the record shows that samples were obtained and preserved for future evaluation. Id. There is no indication in the record as to whether the hair (if any was found) or cotton fibers have been retained by the FBI.[6] If these samples were retained, the Court presumes they have been "retained under conditions sufficient

---

[6] According to the record, after testing in Washington, D.C., the subject items and a microscope slide were returned to the FBI in Jackson, Mississippi. The record does not show that any hair samples were returned. See Docket No. 83, Exs. E & F. Additionally, the record does not indicate whether the hair (if any was found) and cotton fiber samples were either released to the Assistant United States Attorney who prosecuted Fasano's criminal case, or were among the items re-located by the Government on or about August 16, 2006. See id. at Ex. I. The response of the FBI to Fasano's FOIA request does not expressly indicate whether hair and/or cotton fiber samples are currently in its possession. See id. at Ex. O.

9

to ensure that such evidence has not been substituted, contaminated, tampered with, replaced, or altered in any respect material to the proposed DNA testing", thus satisfying the requirements of 18 U.S.C. § 3600(a)(4) with regard to those items.

As regards the subject hard hat, sunglasses, and work shirt, however, the Court finds that the requirements of subsection (a)(4) have not been satisfied. Specifically, the record shows that sometime after the initial examination of the hard hat and sunglasses by the FBI, those items as well as the work shirt were given to the Assistant United States Attorney who was then prosecuting Fasano's criminal case. In turn, the subject items were released to Fasano's attorney and to his expert witness for independent fingerprint analysis. The items were later returned to the Government, and were misplaced at some point prior to the date on which Fasano was sentenced. The items were subsequently found, approximately two years later, in a brown paper bag in a closet in the Mississippi Attorney General's Office.

There is no indication in the record as to the manner in which the subject items were handled after they were examined by the FBI. Specifically, there is no indication that any measurers were taken to either preserve the DNA that might be present on those items, or to protect those items from possible DNA contamination. According to Fasano's DNA expert, Gina M. Pineda ("Pineda"), the fact that the subject items were stored for an extended period of time in a

10

brown paper bag would not cause significant degradation of any DNA there present. See Def.'s Mem. in Supp. of Mot. to Supplement R., Ex. B (Pineda Aff.), at ¶¶ 26-27. Fasano's expert also opined, however, that evidence can be contaminated for the purpose of DNA testing by repeated, unprotected handling of such evidence. According to Pineda:

> Mere handling of evidence should not affect the ability of a forensic analysis to collect a usable DNA profile from most items. However, if multiple people have handled an item, without gloves, those people may leave their DNA profiles on the item as well. Although analysis of such DNA "mixtures" can be complicated, when the identities of the possible contaminators are known, it is possible to isolate the contamination and remove the contaminator's profiles from consideration, if the DNA sample of potential contributors is provided.

Id. at Ex. B (Pineda Aff.), at ¶ 21.

As discussed above, the record suggests that the subject items were handled by multiple individuals. Whether these individuals wore gloves when handling the subject items so as to prevent possible DNA contamination is unknown. Additionally, Fasano has not shown that the contamination likely caused by the repeated, unprotected handling of the subject items can be remedied in this case. First, Fasano has not presented any evidence as to the identity of each individual who handled the subject items and, therefore, is a potential source of DNA contamination. Second, Fasano has not shown that there exists a method by which these handlers could be compelled to provide DNA samples in order to

11

isolate them as potential sources of DNA contamination, and remove their DNA profiles from the samples obtained through testing.

In sum, under 18 U.S.C. § 3600(a)(4), Fasano has the burden to establish that the evidence to be tested "is in the possession of the Government" and has been "retained under conditions sufficient to ensure that such evidence has not been ... contaminated ... in any respect material to the proposed DNA testing." In the case *sub judice*, the Court finds, based on Pineda's opinions and the pleadings before it, that Fasano has failed to show that the subject hard hat, sunglasses, and work shirt were retained under conditions sufficient to ensure that they have not been materially contaminated for the purpose of the proposed DNA testing. Additionally, the Court finds that Fasano has not established that any hair was found on the subject hard hat and/or that the hair samples (if found) or cotton fibers found on the subject hard hat are currently in the possession of the Government. Accordingly, the Court finds, based on the pleadings before it, that Fasano has failed to satisfy the requirements of 18 U.S.C. § 3600(a)(4) and, therefore, his Motion for DNA Testing should be denied.

**B.  18 U.S.C. § 3600(a)(8)**

To satisfy the requirements of 18 U.S.C. § 3600(a)(8), Fasano must establish:

> The proposed DNA testing of the specific evidence may produce new material evidence that would –

12

> (A) support the theory of defense referenced in paragraph (6); and
>
> (B) raise a reasonable probability that the applicant did not commit the offense.

Concisely, the theory advanced by Fasano in support of his Motion for DNA Testing, is that if his DNA is not found on the items sought to be tested (including the hard hat, sunglasses, and work shirt), and if someone else's DNA is found, the evidence would show that he had not worn the items and, therefore, had not committed the crime.

In response, the Government first argues that the Court should apply the "newly discovered evidence" standard of Rule 33 of the Federal Rules of Criminal Procedure when considering whether the requirements of 18 U.S.C. § 3600(a)(8) have been satisfied. According the Government, in cases like the one *sub judice* in which the defendant could have obtained DNA evidence prior to trial but neglected to do so, he is precluded from seeking DNA testing post-trial because such testing would not result in "new" evidence for the purposes of the Act. Specifically, the Government argues:

> Section 3600 is like Rule 33 in that they both require novelty with respect to the evidence that the applicant points to as capable of exonerating him. Rule 33 requires that the evidence be "newly discovered," which is understood to mean that the evidence could not have been obtained or produced through due diligence at the original trial. Section 3600(a)(8) similarly requires that the requested testing be directed to the production of new evidence. It is a logical conclusion that the novelty requirements of Rule 33 and § 3600(a)(8) mean the same thing... In other words, subsection (a)(8) does not permit DNA testing under § 3600 where such testing could have been sought in an earlier proceeding.

13

Resp. to Mot. for DNA Testing, 6.

The Court cannot adopt the constructive waiver argument advanced by the Government in this case in light of the express statutory language of the Act. Specifically, 18 U.S.C. § 3600(a)(3) permits DNA testing except in cases in which the applicant has "knowingly and voluntarily waive[d] the right to request DNA testing of that evidence in a court proceeding after the date of enactment of the Innocence Protection Act of 2004." The Court finds that the waiver provisions in the Act are not ambiguous, and the Act, on its face, does not indicate that Congress intended to import a constructive waiver argument that, if applied, could lead to conclusions different from that produced by a literal construction of the statute. In other words, the inclusion of the express waiver requirement in subsection (a)(3), coupled with Congress's failure to include a constructive waiver provision in that subsection, is strong evidence that it intended to provide applicants an opportunity to obtain post-trial DNA testing except in cases in which that right was "knowingly and voluntarily" waived. Accordingly, the Court finds that Fasano's failure to request DNA testing pre-trial does not preclude him from seeking such relief under the Act.[7]

---

[7] This raises the question as to whether it would be a good practice for the Government to require an expanded waiver of 18 U.S.C. § 3600 rights in guilty plea agreements.

14

The Government also argues that Fasano's Motion for DNA Testing should be denied because Fasano has failed to establish that the proposed DNA testing would produce evidence that raises a "reasonable probability" that he did not commit the crime for which he was convicted. The United States Supreme Court has defined the term "reasonable probability" as "a probability sufficient to undermine confidence in the outcome" of the trial. See United States v. Bagley, 473 U.S. 667, 683 (1985); Strickland v. Washington, 466 U.S. 668, 694 (1984). See also Bagley, 473 U.S. at 683 ("[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."); Strickland, 466 U.S. at 695 (1984) ("When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt.").

In the case *sub judice*, DNA testing may produce several different results. For example, DNA testing may reveal only Fasano's DNA, or Fasano's and another individual(s)' DNA on the items to be tested. Either finding would tend to suggest that Fasano wore the subject items and, therefore, would not raise a reasonable probability that he did not commit the robbery but, instead, would seemingly further implicate him in that crime. A third possibility is that the proposed testing might reveal the

15

presence of both Fasano's and Hughes's DNA on the subject items.[8] While such finding would support the defense's theory that Hughes had worn the subject items, again it would also suggest that Fasano had likewise worn them. As such, the Court finds this result would not raise a reasonable probability that Fasano did not commit the robbery. At best, such finding would be inconclusive, and would constitute independent grounds for denying Fasano's Motion for DNA Testing under 18 U.S.C. § 3600(f)(1). Similarly, finding no DNA evidence on the items to be tested would also be inconclusive as it would not establish that any particular individual, i.e. Fasano, Hughes, or someone else, had worn the subject items.

A fifth possibility is that testing may reveal the absence of Fasano's DNA and the presence of another individual(s)' DNA on the items tested. The Court finds that the presence of another individual(s)' DNA on the subject items would not be material. As argued by the Government, the history of the subject items prior to the date on which they were worn during the robbery is unknown. The subject items could have been borrowed, stolen, or bought from another individual thereby accounting for the presence of that individual's DNA on the items. Because there is no evidence that only the robber had worn the subject items, the Court finds that the presence of another individual(s)' DNA on those items would not

---

[8] The record does not indicate whether a sample of Hughes's DNA is available for testing purposes.

16

raise a reasonable probability that that individual committed the crime, and Fasano did not.

Finally, the Court finds that the absence of Fasano's DNA on the items to be tested would not raise a reasonable probability that he did not commit the crime.  First, Fasano's expert opined that it is possible, although not likely in this case, that an individual could wear a hard hat, sunglasses, or work shirt without leaving any DNA on those articles.  <u>See</u> Def.'s Mem. in Supp. of Mot. to Supplement R.,  Ex. B (Pineda Aff.), at ¶ 16.  Second, the Court finds that the subject items could have been worn in such a manner so as to prevent the transfer of DNA to those items.  For example, the record suggests that the robber wore the subject green work shirt over another article of clothing.  <u>See</u> Mem. in Supp. for Mot. for DNA Testing, Ex. B (Morton Police Dept. Offense Rep.) (statement of eyewitness that suspected robber was wearing a white shirt when entering the alleged get-away vehicle).  Fasano's expert, however, has not offered any opinion as to whether the layering of clothing could affect the transfer of DNA from the body to an external garment.  Because there is no evidence that the robber's DNA would be present on the work shirt regardless of whether that shirt had been worn over another garment, the Court cannot find that the absence of Fasano's DNA on that shirt would prove he had not worn it.  Finally, the Court finds that the absence of Fasano's DNA on the subject items, when compared with

17

the other evidence produced at trial, would not raise a "probability sufficient to undermine confidence in the outcome" of his criminal trial. Bagley, 473 U.S. at 683. See also Boose, 498 F. Supp. 2d at 892 (considering evidence previously produced at trial when determining whether defendant had satisfied the requirements of 18 U.S.C. § 3600(a)(8)). For these reasons, the Court finds that Fasano has failed to satisfy the requirements of 18 U.S.C. § 3600(a)(8) and, therefore, his Motion for DNA Testing should be denied.

### III.  Conclusion

The Court finds that Fasano has not satisfied his burden of establishing each of the subsections of 18 U.S.C. § 3600(a) in this case. Specifically, the Court finds that Fasano has not satisfied his burden of establishing that the items he seeks to be submitted to DNA testing are either currently in the possession of the Government, or have been maintained in such a manner as to prevent DNA contamination as required under 18 U.S.C. § 3600(a)(4). If this finding is incorrect, the Court also finds that Fasano has not shown that the proposed DNA testing would raise a reasonable probability that he had not committed the bank robbery for which he was convicted, and thus he has not established teh requirements of 18 U.S.C. § 3600(a)(8)(B).

For the foregoing reasons:

IT IS THEREFORE ORDERED that Defendant's Motion for DNA Testing [Docket No. 82] is hereby denied.

SO ORDERED this the 29th day of July, 2008.

>                                   s/ William H. Barbour, Jr.
>                                   UNITED STATES DISTRICT JUDGE